UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY HASTON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br>v.<br><br>PHILLIPS & COHEN ASSOCIATES, LTD AND JOHN DOES 1-5,<br><br>*Defendant(s)*. | Civil Action No.: 2:20-cv-01069-WSS |

**DEFENDANT PHILLIPS & COHEN ASSOCIATES, LTD.'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW, Phillips & Cohen Associates, Ltd. ("PCA"), by counsel, pursuant to Rule 15 of the Federal Rules of Civil Procedure, and moves this Court for leave to file an Amended Answer and Affirmative Defenses to the Complaint filed by Timothy Haston ("Plaintiff"). Rule 15 provides that after twenty-one days after service, "a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

PCA seeks leave to file its Amended Answer for the limited purpose of adding an affirmative defense related to the existence of an arbitration agreement governing Plaintiff's claim. Good cause exists to grant leave to amend because PCA was not in possession of the Cardmember Agreement – which governs Plaintiff's credit card account and contains an arbitration and class waiver provision – until earlier this month. Further, Plaintiff will not suffer any unfair prejudice because Plaintiff voluntarily entered into the Cardmember Agreement, including its arbitration and class waiver provisions. Instead, PCA was unfairly prejudiced by Plaintiff's filing of this putative class action in violation of the Cardmember Agreement.

Counsel for PCA conferred with counsel for Plaintiff and opposing counsel does not consent to the instant Motion. Accordingly, and for its reasons set forth in the accompanying Brief in Support of Defendant's Motion for Leave to File an Amended Answer and Affirmative Defenses, PCA respectfully requests that the Court enter an Order granting PCA leave to file the Amended Answer attached hereto as **Exhibit 1**.

Respectfully submitted:

| | |
|---|---|
| Dated: January 22, 2021 | By: /s/ *Victoria D. Summerfield* <br> Victoria D. Summerfield, Esquire <br> PA ID No. 311540 <br> TROUTMAN PEPPER <br> HAMILTON SANDERS LLP <br> Union Trust Building <br> 501 Grant St, Suite 300 <br> Pittsburgh, PA 15219 <br> Telephone: 412.454.5033 <br> Facsimile: 866.541.3889 <br> Email: victoria.summerfield@troutman.com <br><br> *Attorney for Defendant Phillips & Cohen Associates, Ltd.* |

112929976v1

## CERTIFICATE OF SERVICE

I certify that on January 22, 2021, I filed the foregoing *Motion for Leave to File an Amended Answer and Affirmative Defenses* with the Clerk of the Court, and sent notice, via first class mail, postage prepaid, and electronic mail to the following counsel of record:

**Kevin Abramowicz, Esquire**
PA ID No. 320659
**Kevin Tucker, Esquire**
PA ID No. 312144
East End Trial Group LLC
186 42nd Street, P.O. Box 40127
Pittsburgh, PA 15201
(412) 223-5740 - office
(412) 626-7101 -fax
kabramowicz@eastendtrialgroup.com
ktucker@eastendtrialgroup.com

**Eugene D. Frank, Esquire**
PA ID No. 89862
Law Offices of Eugene D. Frank, P.C.
3202 McKnight East Drive
Pittsburgh, PA 15237
(412) 366-4276- office
(412) 366-4305 - fax
efank@edf-law.com

Dated:      January 22, 2021         By:  /s/ *Victoria D. Summerfield*
                                          Attorney for Defendant Phillips & Cohen
                                          Associates, Ltd.

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY HASTON, individually an on behalf of all others similarly situated,<br><br> *Plaintiff*,<br>v.<br><br>PHILLIPS & COHEN ASSOCIATES, LTD. AND JOHN DOES 1-5,<br><br> *Defendant(s)*. | Civil Action No.: 2:20-cv-01069-WSS |

**DEFENDANT PHILLIPS & COHEN ASSOCIATES, LTD.'S
AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT**

Defendant, Phillips & Cohen Associates, Ltd. ("PCA"), by counsel, submits the following Amended Answer and Affirmative Defenses to Plaintiff's Complaint ("Complaint") filed by Plaintiff, Timothy Haston ("Plaintiff"). In response to the separately numbered paragraphs in the Complaint, PCA states as follows:

**NATURE OF THE ACTION**

1. The allegations in Paragraph 1 of the Complaint state conclusions of law to which no response is necessary. To the extent the allegations are contrary to the law, they are denied.

**JURISDICTION AND VENUE**

2. The allegations in Paragraph 2 of the Complaint state conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.

3. The allegations in Paragraph 3 of the Complaint state conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.

4. The allegations in Paragraph 4 of the Complaint state conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.

1

## PARTIES

5. PCA admits that Plaintiff is an individual but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 of the Complaint, and, therefore, denies the same.

6. PCA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and, therefore, denies the same.

7. The allegations in Paragraph 7 of the Complaint state conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.

8. The allegations in Paragraph 8 of the Complaint state conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.

9. The allegations in Paragraph 9 of the Complaint state conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.

10. The allegations in Paragraph 10 of the Complaint state conclusions of law, to which no response is necessary.  To the extent the allegations are contrary to law, they are denied.

11. The allegations in Paragraph 11 of the Complaint state conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.

12. PCA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and, therefore, denies the same.

## FACTUAL ALLEGATIONS

13. The allegations in Paragraph 13 of the Complaint state conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.

14. The allegations in Paragraph 14 of the Complaint state conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.

15. PCA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and, therefore, denies the same.

16. PCA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 the Complaint, and, therefore, denies the same.

17. The allegations in Paragraph 17 of the Complaint refer to a document that speaks for itself. To the extent the allegations vary from the document, they are denied.

18. PCA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, and, therefore, denies the same.

19. The allegations in Paragraph 19 of the Complaint state conclusions of law to which no response is necessary and/or refers to a document which speaks for itself.  To the extent the allegations are contrary to the law and/or the document to which they refer, they are denied.

20. The allegations in Paragraph 20 of the Complaint state conclusions of law to which no response is necessary and/or refers to a document which speaks for itself.  To the extent the allegations are contrary to the law and/or the document to which they refer, they are denied.

21. The allegations in Paragraph 21 of the Complaint refer to a document that speaks for itself. To the extent the allegations vary from the document, they are denied.

22. The allegations in Paragraph 22 of the Complaint state conclusions of law to which no response is necessary and/or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law and/or the documents to which they refer, they are denied.

23. PCA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and, therefore, denies the same.

24. The allegations in Paragraph 24 of the Complaint state conclusions of law to which no response is necessary and/or refers to a document which speaks for itself. To the extent the allegations are contrary to the law and/or the document to which they refer, they are denied.

25. PCA denies the allegations contained in Paragraph 25 of the Complaint.

26. The allegations in Paragraph 26 of the Complaint state conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.

27. The allegations in Paragraph 27 of the Complaint state conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.

28. PCA denies the allegations contained in Paragraph 28 of the Complaint.

29. PCA denies the allegations contained in Paragraph 29 of the Complaint.

30. PCA denies the allegations contained in Paragraph 30 of the Complaint.

31. PCA denies the allegations contained in Paragraph 31 of the Complaint.

32. PCA denies the allegations contained in Paragraph 32 of the Complaint.

33. PCA denies the allegations contained in Paragraph 33 of the Complaint.

**CLASS ACTION ALLEGATIONS**

34. PCA admits that, in the allegations contained in Paragraph 34 of the Complaint, Plaintiff brings this action on behalf of a class, but denies that this action may be brought against PCA as a class action.

35. PCA denies the allegations contained in Paragraph 35 of the Complaint and further denies that Plaintiff is entitled to seek certification of the purported class identified in Paragraph 35.

36. PCA denies the allegations contained in Paragraph 36 of the Complaint and further denies that Plaintiff may reserve the rights identified in Paragraph 36.

37. PCA denies the allegations contained in Paragraph 37 of the Complaint. PCA denies that this action may be brought against PCA as a class action.

38. PCA denies the allegations contained in Paragraph 38 of the Complaint. PCA denies that this action may be brought against PCA as a class action.

39. PCA denies the allegations contained in Paragraph 39 of the Complaint. PCA denies that this action may be brought against PCA as a class action.

40. PCA denies the allegations contained in Paragraph 40 of the Complaint. PCA denies that this action may be brought against PCA as a class action.

41. PCA denies the allegations contained in Paragraph 41 of the Complaint. PCA denies that this action may be brought against PCA as a class action.

42. PCA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint, and, therefore, denies the same. PCA denies that this action may be brought against PCA as a class action.

43. The allegations in Paragraph 43 of the Complaint state conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.

### COUNT I
### Violation of the Fair Debt Collection Practices Act
### 15 U.S.C. §§ 1692, *et seq.*

44. The allegations in Paragraph 44 of the Complaint state conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.

45. The allegations in Paragraph 45 of the Complaint state conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.

46. PCA denies the allegations contained in Paragraph 46 of the Complaint.

47. PCA denies the allegations contained in Paragraph 47 of the Complaint.

48.     PCA denies the allegations contained in Paragraph 48 of the Complaint, and further denies that Plaintiff and the purported class members are entitled to any of the relief sought in Paragraph 48 and avers that neither Plaintiff nor the purported class are entitled to any relief whatsoever.

## AS TO JURY DEMAND

PCA denies that Plaintiff is entitled to a trial by jury.

## PLAINTIFF'S PRAYER FOR RELIEF

PCA denies Plaintiff is entitled to any of the relief sought in the unnumbered "WHEREFORE" paragraph as well as the subparagraphs appearing on Page 8 of the Complaint and avers Plaintiff is not entitled to any relief whatsoever.

   a) PCA denies that Plaintiff is entitled to any of the relief sought in this subparagraph and avers that Plaintiff is not entitled to any relief whatsoever.

   b) PCA denies that Plaintiff is entitled to any of the relief sought in this subparagraph and avers that Plaintiff is not entitled to any relief whatsoever.

   c) PCA denies that Plaintiff is entitled to any of the relief sought in this subparagraph and avers that Plaintiff is not entitled to any relief whatsoever.

   d) PCA denies that Plaintiff is entitled to any of the relief sought in this subparagraph and avers that Plaintiff is not entitled to any relief whatsoever.

   e) PCA denies that Plaintiff is entitled to any of the relief sought in this subparagraph and avers that Plaintiff is not entitled to any relief whatsoever.

PCA denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs above. PCA further states that its investigation of the present matter is ongoing. Accordingly, PCA reserves the right to amend this Answer. PCA denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

PCA hereby sets forth the following affirmative and other defenses to the Complaint.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's claims fail to the extent that the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against PCA and fails to state facts sufficient to entitle Plaintiff to the relief sought.

### SECOND AFFIRMATIVE DEFENSE
### (Compliance)

Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, PCA fully complied with the Fair Debt Collection Practices Act ("FDCPA").

### THIRD AFFIRMATIVE DEFENSE
### (Bona Fide Error)

Plaintiff's claims under the FDCPA fail to the extent any violation resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### FOURTH AFFIRMATIVE DEFENSE
### (Fair and Conscionable Means)

Plaintiff's claims fail to the extent that the means employed by PCA to collect the debt at issue were fair and conscionable.

### FIFTH AFFIRMATIVE DEFENSE
### (Proximate Cause)

Plaintiff's claims fail to the extent that the Plaintiff's purported damages, which PCA continues to deny, were the direct and proximate result of the conduct of Plaintiff or others.

### SIXTH AFFIRMATIVE DEFENSE
(Vicarious Liability)

Plaintiff's claims against PCA fail to the extent that Plaintiff seeks to hold PCA liable, vicariously or otherwise, for the acts or omissions of others.

### SEVENTH AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate his alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE
(Compliance with Governing Law)

PCA's compliance with the statutes, rules and regulations which govern the subject matter of this lawsuit precludes its liability to Plaintiff.

### NINTH AFFIRMATIVE DEFENSE
(Statutory Damages)

Plaintiff cannot recover from PCA for statutory damages on the grounds that any award of statutory damages would be impermissible under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution due to the lack of any actual damages suffered by Plaintiff and the gross disparity between the allegations of harm and the size of the claims. Stating further, any award of statutory damages would violate the constitutional standards enunciated in cases such as *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### TENTH AFFIRMATIVE DEFENSE
(Injury-In-Fact)

Plaintiff cannot recover from PCA under the Complaint to the extent that he has not alleged or cannot maintain an actual injury-in-fact as this deprives the Court of Article III jurisdiction.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Standing)

The Complaint is barred, in whole or in part, to the extent that Plaintiff lacks standing.

### TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Satisfy the Requirements of Pa. R. Civ. P. 1702, 1708)

Plaintiff cannot maintain this case as a class action to the extent it does not satisfy the requirements of Pennsylvania Rules of Civil Procedure 1702 and 1708 for, among other reasons, Plaintiff's claim is not typical of the claims of each putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting only putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiff's claim and any claims of putative class members; the members of the class are not readily ascertainable; Plaintiff and his counsel are unable to fairly and adequately protect the interests of the putative class members; and there are insurmountable difficulties that would be encountered in any attempt to proceed as a class action.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Arbitration)

Plaintiff's Complaint is subject to binding and mandatory arbitration, pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, *et seq.*, based on the Cardmember Agreement, attached as **Exhibit 1**, into which Plaintiff entered with Synchrony Bank. Putative class members may have also entered into arbitration agreements regarding their accounts.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Right to Additional Defenses)

PCA reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant, Phillips & Cohen Associates, Ltd., requests that the Court enter an order: (1) dismissing the Complaint with prejudice; (2) awarding PCA its costs and expenses incurred herein; and (3) awarding PCA such other and further relief as the Court may deem just and proper.

Respectfully submitted:

Dated:   January 22, 2021

By: /s/ *Victoria D. Summerfield*
Victoria D. Summerfield, Esquire
PA ID No. 311540
TROUTMAN PEPPER
HAMILTON SANDERS LLP
Union Trust Building
501 Grant St, Suite 300
Pittsburgh, PA 15219
Telephone: 412.454.5033
Facsimile: 866.541.3889
Email: victoria.summerfield@troutman.com

*Attorney for Phillips & Cohen Associates, Ltd.*

## **CERTIFICATE OF SERVICE**

I certify that on January 22, 2021, I filed the foregoing *Amended Answer and Affirmative Defenses* with the Clerk of the Court, and sent notice, via first class mail, postage prepaid, and electronic mail to the following counsel of record:

**Kevin Abramowicz, Esquire**
PA ID No. 320659
**Kevin Tucker, Esquire**
PA ID No. 312144
East End Trial Group LLC
186 42nd Street, P.O. Box 40127
Pittsburgh, PA 15201
(412) 223-5740 - office
(412) 626-7101 -fax
kabramowicz@eastendtrialgroup.com
ktucker@eastendtrialgroup.com

**Eugene D. Frank, Esquire**
PA ID No. 89862
Law Offices of Eugene D. Frank, P.C.
3202 McKnight East Drive
Pittsburgh, PA 15237
(412) 366-4276- office
(412) 366-4305 - fax
efank@edf-law.com

Dated:   January 22, 2021              By:  */s/ Victoria D. Summerfield*
                                            *Attorney for Phillips & Cohen Associates, Ltd.*